UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COUVILLION GROUP, LLC | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:22-cv-02014-EEF-DMD |
| VERSUS | * | |
| | * | JUDGE: ELDON E. FALLON |
| | * | |
| S2 ENERGY OPERATING, LLC AND | * | MAG. JUDGE: DANA M. DOUGLAS |
| KREWE ENERGY, LLC | * | |
| | * | SECTION L |

## ORDER AND REASONS

The Court has before it Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and/or 12(b)(6). R. Doc. 8. Plaintiff opposes. R. Doc. 11. Having considered the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

This suit arises from alleged breach of a Master Service Agreement (MSA) between Plaintiff Couvillion Group ("Couvillion") and S2 Energy Operating, LLC ("S2"). S2 contacted with Couvillion to provide dredging and similar marine services in the Burrwood oil field, where S2 and its parent company, Krewe Energy, LLC ("Krewe") owned various oil and gas leases. R. Doc. 11 at 2. Couvillion alleges that it performed services for S2 and Krewe amounting to $214,148.70 which remain unpaid for. Rather than file an Answer to Couvillion's claims affirming or denying the unpaid amount Couvillion alleges, Defendants made the instant motion to dismiss Plaintiff's claims.

## II.  PRESENT MOTION

Defendants now move the Court to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). R. Doc. 8. Defendants argue that (1) the Court cannot assert subject matter jurisdiction over Krewe because Krewe was not a party to the Master Services Agreement which provides the Court with its only basis for jurisdiction in this matter; (2) this matter is prematurely brought into Court because Plaintiff failed to submit to mandatory mediation with Defendants first as required by the MSA, and; (3) even if the Court does not dismiss Plaintiff's other claims, his claims under Louisiana Law and for equitable relief must be dismissed because this dispute is governed by general maritime law, not Louisiana law. *Id.* at 4–9.

## III.  APPLICABLE LAW

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606 (5th Cir. 1977)). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

After determining the court has subject matter jurisdiction over a claim, and upon a motion to dismiss for failure to state a legally cognizable claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), the court must determine the sufficiency of the complaint. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Consistent with the policy that a plaintiff be given every opportunity to state a claim, "the Plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Id.* (citing *Oppenheimer v. Prudential Securities Inc.*, 94 F.3d 189, 194 (5th Cir. 1996)). When reviewing a complaint in response to a 12(b)(6) motion, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Id.* at 162 (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)).

## IV.   DISCUSSION

With the foregoing legal standards in mind, the Court will examine each of Defendant's arguments in turn.

### a.   Rule 12(b)(1)

Defendants assert that Plaintiff's claims against Krewe only must be dismissed pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction. R. Doc. 8-1 at 5–7. Plaintiff's only pleaded basis for this Court's subject matter jurisdiction is general maritime jurisdiction; it does not claim diversity jurisdiction or federal question jurisdiction on any other basis. *See* R. Doc. 1 at 4. Because the MSA is governed by maritime law, this Court may assert subject matter jurisdiction over any dispute arising under the MSA. But, Defendants argue, Krewe is not a party to the MSA, and accordingly there is no basis for the Court's jurisdiction over a dispute between Krewe and Plaintiff. R. Doc. 8-1 at 5–6.

It is true that the MSA is explicitly an agreement between Plaintiff and S2, not Krewe. However, as Plaintiff points out, the MSA provides that it applies "to all services which [Plaintiff] . . . provide[s] to [S2] *or any of its parent, subsidiary and affiliated companies*[.]" R. Doc. 1-2 at 2 (emphasis added). Krewe is a parent company of S2. Accordingly, by its plain language, the MSA applies to services provided by Plaintiff to Krewe as well as S2. For this reason, the Court can assert subject matter jurisdiction over Plaintiff's claims against Krewe pursuant to general maritime law. Defendants' motion to dismiss under Rule 12(b)(1) is therefore denied.

    b. **Rule 12(b)(6)**

        i. **Krewe**

Defendants also assert that Plaintiff's claims against Krewe must be dismissed for failure to state a claim upon which relief can be granted because there is no privity of contract between Krewe and Plaintiff, and under general maritime law there can be no claim for breach of contract in the absence of privity of contract between the parties. R. Doc 8-1 at 6. However, as discussed *supra*, by the terms of the MSA it also applies to work performed by Plaintiff for any parent company of S2. Krewe is a parent company of S2 which received a direct benefit from the work performed by Plaintiff under the MSA. Accordingly, at the motion to dismiss stage, Plaintiff has plausibly plead a claim for breach of contract against Krewe.

        ii. **S2**

As to S2, Defendants argue that this Court should dismiss Plaintiff's claims under Rule 12(b)(6) as premature. R. Doc. 8-1 at 7–8. They point to the mediation clause in the MSA, which provides that if a dispute arises between the parties under that contract, the dispute shall be

submitted to mediation before resorting to litigation. R. Doc. 1-2 at 23–24. Defendants point to precedent indicating that the failure to submit to formal mediation as a condition precedent to suit under such a mediation clause warrants dismissal under Rule 12(b)(6). *See Arcadis U.S., Inc. v. Stryker Demolition & Envtl. Servs., LLC*, No. 20- 0471, 2021 WL 785138, at *3 (W.D. La. Mar. 1, 2021).

On the other hand, Plaintiff argues that its suit is not premature because the MSA's mediation clause was not triggered because there is no "dispute" between the parties; or, should the Court disagree, that under the MSA, mediation is not required, and either party may file a lawsuit, under certain circumstances: (1) when the parties fails to commence mediation within sixty days of a request to mediate; (2) for statute of limitations or venue reasons; or (3) to seek a preliminary injunction or other provisional judicial relief if, in a party's sole discretion, such action is necessary to avoid irreparable damage or preserve the status quo. R. Doc. 1-2 at 23–24. Here, Plaintiff argues, it was permitted to file a lawsuit notwithstanding the mediation clause "for statute of limitation or venue reasons[.]" R. Doc. 11 at 11.

Plaintiff's first argument is unavailing. While it may be true, as Plaintiff points out, that there is no dispute between the parties as to the amounts owed to Plaintiff, it is clear than a "dispute" has arisen between the parties under the MSA as contemplated by the mediation clause; if there were no dispute, neither mediation nor this Court's intervention would be necessary. However, Plaintiff also argues that it brought this suit in lieu of mediation "for statute of limitations or venue issues[.]" R. Doc. 11 at 12. As it alleges a variety of general maritime law and Louisiana state law claims with differing statutes of limitations, Plaintiff asserts that it proceeded with filing the instant litigation to avoid the prescription of any of its claims against Defendants and to preserve its rights to proceed against them. *Id.* Under the terms of the MSA's

mediation clause, this seems to be a circumstance under which Plaintiff could permissibly file a lawsuit. Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) as to S2 is denied.

### c. Louisiana Law and Equitable Claims

Plaintiff makes no argument in its memo in opposition to Defendants' motion to dismiss defending its claims brought under Louisiana law and for equitable relief. For this reason, and finding Defendants' arguments to be meritorious on this point, the Court finds that Plaintiff has waived opposition to the Defendants' motion to dismiss as to these claims. Accordingly, the motion to dismiss is granted as to Plaintiff's Louisiana law and equitable claims only.

### V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **GRANTED in part** and **DENIED in part**.

New Orleans, Louisiana, this 5th day of December, 2022.

_____
United States District Judge